■ In the Matter of KENSTON MANAGEMENT COMPANY, INC., Appellant, v MICHAEL P. HUERTA, as Commissioner of the Department of Ports, International Trade and Commerce, et al., Respondents.—Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered February 3, 1989, which, *inter alia,* granted respondents' cross motion in this CPLR article 78 proceeding to dismiss the petition, unanimously affirmed, without costs or disbursements.

When respondents sought to lease property known as Bush Terminal Industrial Complex, Kings County (Complex), they issued a request for proposal (RFP) which was responded to by petitioner and five other applicants. The objectives of respondents were to utilize the Complex to the maximum extent, receive rents closer to market level and obtain better management and provide for capital improvements. Of the six applicants, three were immediately rejected. Although petitioner had the highest bid, its proposal was later rejected, given its weak management record with respect to the property, which it had managed since 1977. Although the remaining two applicants were not accepted, respondents encouraged them to file a joint venture application which was subsequently accepted and approved by three-fourths vote of the Board of Estimate.

We reject petitioner's argument that the court violated the

procedures of New York City Charter § 384, requiring that the award be made to the highest bidder. Here, respondent Department of Ports, International Trade and Commerce is empowered under New York City Charter § 704 (g) to lease wharf property belonging to the city to be sold at public auction and "if not so sold the terms of any lease must be approved by the board of estimate by a three-fourths vote after a public hearing". This specific legislation does not conflict with section 384 (a), which contains an exception when "such power is expressly vested by law in another agency". Such is the case here. Accordingly, there was no statutory violation. Additionally, there was no bar, as argued, to the Board of Estimate's approval, by three-quarters vote, as statutorily prescribed by section 704 (g) of the New York City Charter, of the lease by vote through delegates.

We reject petitioner's argument that one of the joint venture parties was disqualified from obtaining the lease because he worked for a city agency and was a city employee. That party's association with a local development corporation does not elevate his status to that of a city employee, since the corporation is not a government entity. (New York City Charter § 2604 [e], [c].) Additionally, petitioner cannot challenge the issuance of the lease to the joint venture because of an alleged failure to comply with ULURP (uniform land use review procedure; New York City Charter § 197-c), since it has failed to demonstrate the requisite standing, i.e., allege a harm arising from an interest within the "zone of interest" to be protected by ULURP. (Cf., Matter of Dairylea Coop. v Walkley, 38 NY2d 6.) Concur—Sullivan, J. P., Carro, Rosenberger and Smith, JJ.